IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLOS MORGADO,**

    Petitioner,

v.                                             Case No. 4:16cv578-MW/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

On or about August 1, 2016, Petitioner Carlos Morgado, proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. ECF No. 1. By order dated August 19, 2016, that court transferred the case to this Court, explaining that "[a] habeas action is subject to jurisdictional and statutory limitations," and the proper respondent is the Petitioner's custodian, which for this case is in the Northern District of Florida. ECF No. 4.

Petitioner is currently incarcerated at the Franklin Correctional Facility in Carrabelle, Florida, which is located in Franklin County, in the Northern District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(a). Although Petitioner

has submitted a form petition under 28 U.S.C. § 2241, he appears to have intended to file his case pursuant to 28 U.S.C. § 2254 because he is a state prisoner and he challenges a state court conviction and sentence. See ECF No. 1. In particular, Petitioner challenges a state court judgment from the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, which is located in the Middle District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(b). As relief, Petitioner seeks immediate release from state prison. ECF No. 1.

      Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. *Id*.; M.D. Fla. R. 1.02(b)(4). See Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992). Notably, Petitioner has previously filed such habeas corpus petitions in this Court, which were also transferred to the Middle District. *See* Morgado v. State of Florida, No. 4:16cv11-MW/CAS; Morgado v. State

of Florida, No. 4:16cv 197-WS/EMT.   Petitioner also has currently pending a possible action under 42 U.S.C. § 1983.   See Morgado v. State of Florida, 4:16cv286-RH/CAS.

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.